# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CASTANO MARRERO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. CIV 08-431-FHS-SPS ) |
| STATE OF OKLAHOMA, *ex rel.* DEPARTMENT OF CORRECTIONS, et al., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This action is before the court on the defendants' motion for summary judgment. The court has before it for consideration plaintiff's complaint, the defendants' motion, plaintiff's response, the defendants' reply, and a special report prepared by the Oklahoma Department of Corrections (DOC) at the direction of the court, in accordance with *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978).

Plaintiff, an inmate in the custody of DOC who is incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, brings this action under the authority of 42 U.S.C. §§ 1983, 1985, and 1986, seeking relief for alleged constitutional violations during his incarceration at OSP. The defendants are the State of Oklahoma, *ex rel*. Department of Corrections, OSP Warden Marty Sirmons, OSP Sergeant James Billy, OSP Sergeant George

Wilson, and OSP Officer Jane Doe.[1, 2]

Plaintiff alleges that on November 16, 2006, Defendants Billy and Wilson, along with an unidentified female officer, knocked on his cell door and asked if he was going to take a shower. Plaintiff placed his feet through the food slot, and the officers put him in leg shackles. Plaintiff then placed his hands behind his back and was handcuffed. With plaintiff completely restrained, his cell partner produced a shank and began stabbing plaintiff repeatedly. Defendants Billy and Wilson and the unknown female officer stood at the door and watched. Neither Billy nor Wilson stepped in to assist plaintiff, and the female officer refused to open the cell door, so plaintiff could escape his attacker. Only after plaintiff had been stabbed approximately 43 times, did the female officer open the cell door enough for him to get out of the cell. Plaintiff saw several officers standing in the run area, one of whom was holding a video camera.

Plaintiff was helped onto a stretcher and rushed to the prison infirmary, where he was attended by Dr. Stewart, Dr. Marlar, and approximately four nurses who immediately began stitching plaintiff's stab wounds. The attending doctors ordered the officers to remove plaintiff's restraints, so an intravenous line could be inserted in his vein. Plaintiff was x-rayed several times and advised by the doctors that he was fortunate that none of his major organs had been injured. He then was moved to an isolation/medical cell.

Plaintiff alleges in Count I of the complaint that the defendants failed to protect him, and the State of Oklahoma and Defendant Warden Marty Sirmons failed to adequately train

---

[1] Defendant Jane Doe has not been identified or served.

[2] The complaint inexplicably implies the defendants were employed at the Great Plains Correctional Facility, but the special report states that all events occurred at OSP. *See* Docket #2 at 8; Docket #16 at 4-5.

and discipline OSP employees concerning the rights of inmates, resulting in the violent attack. Plaintiff asserts he has suffered (1) physical pain and suffering; (2) fright, horror, and shock; (3) and emotional trauma and suffering.

In Count II plaintiff alleges Defendants Billy and Wilson conspired to deprive him of his rights and privileges, by allowing the attack to continue without intervening to assist him or to restrain the attacker, all in violation of 42 U.S.C. § 1985. Plaintiff claims in Count III that Defendants Sirmons, Billy, Wilson, and Jane Doe failed to prevent the attack, in violation of 42 U.S.C. § 1986. In addition, the defendants allegedly conspired in their failure to exercise prudence and ordinary care in the performance of their jobs, resulting in plaintiff's injuries.[3]

The defendants have filed a motion for summary judgment, based in part on Eleventh Amendment immunity, Defendant Sirmons' lack of personal participation, and plaintiff's failure to exhaust his administrative remedies. Having moved for summary judgment in their favor, the defendants are required to show the absence of a genuine issue of material fact. Fed. R. Civ. P. 56(a). Plaintiff, as the nonmoving party "may not rest on [his] pleadings but must set forth specific facts showing that there is a genuine issue for trial . . . ." *Applied Genetics Int'l v. First Affiliated Sec., Inc.*, 912 F.2d 1238 (10th Cir. 1990) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). Summary judgment is not appropriate if there exists a genuine material factual issue such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986). In this regard, all evidence of the nonmoving party is deemed true, and all reasonable inferences are

---

[3] Plaintiff concedes his state law claims in Count IV of the complaint are time barred, and dismissal of those claims is proper. *See* Docket #28 at 14.

3

drawn in favor of the nonmoving party. *Id.* at 255 (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 114, 158-59 (1970)). With these standards in mind, the court turns to the merits of the defendants' motion.

As an initial matter, plaintiff asks in his response to the motion for summary judgment that the State of Oklahoma be dismissed from this action. He also asks for dismissal of Defendants Sirmons, Billy, and Wilson in their official capacities. Those requests are hereby granted, based on Eleventh Amendment immunity.

Next, Defendant Warden Sirmons alleges he has no liability in this action, because he did not personally participate in the alleged denial of plaintiff's constitutional rights. Plaintiff claims Sirmons is a proper defendant, because Sirmons had a duty to identify potential problems, train prison staff, and enforce or modify relevant policies and procedures related to the health and safety of all inmates.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430 (10th Cir. 1992). Further, "[s]ection 1983 will not support a claim based on a respondeat superior theory of liability." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Because plaintiff has failed to show Defendant Sirmons personally participated in the incident at issue, the defendants' motion for summary judgment is granted with respect to Sirmons, and Sirmons is dismissed from this action.

Regarding plaintiff's alleged failure to exhaust the administrative remedies for his claims, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42

U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted).

The procedure for exhausting administrative remedies is set forth in DOC Policy OP-090124, "Offender Grievance Process." An inmate first must attempt to resolve his complaint informally within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, raising only one issue in each RTS. If the complaint still is not resolved, he then may file a grievance with the facility head or the medical director (for medical issues) within 15 calendar days of the incident, or the date of the response to the RTS, whichever is later. If the grievance also does not resolve the issue, the inmate may appeal to the DOC Administrative Review Authority or the Chief Medical Officer, whichever is appropriate, within 15 calendar days of receipt of the reviewing authority's response or any amended response.

If the inmate does not receive an answer to a RTS or Grievance, the policy sets forth the following procedure:

> If there has been no response [to a Request to Staff] in 30 calendar days of submission, the inmate may file a grievance to the reviewing authority with evidence of submitting the "Request to Staff" to the proper staff member.

OP-090124(IV)(6).

> If there has been no response by the reviewing authority within 30 calendar days of submission, the inmate/offender may send a grievance, asserting only that his grievance was not answered, to the administrative review authority or

5

> chief medical officer with evidence of submitting the grievance to the proper reviewing authority.

OP-090124(V)(C)(4).

Crysta Robbins, OSP Unit Manager, states by affidavit in the special report that there was no documentation to support plaintiff's claim that he submitted a grievance concerning the stabbing on November 16, 2006. In addition, Ms. Robbins found no documentation that plaintiff had submitted his claims to the Administrative Review Authority.

Plaintiff disputes the defendants' assertion that he never filed a RTS or formal Grievance, and he alleges he submitted multiple Requests to Staff and Grievances to the proper authorities, but none was answered. He has submitted copies of these documents with his response to the motion to dismiss, but none indicates a response from the intended recipient. Plaintiff's documents indicate the following submissions:

> 11/23/2006 RTS to Jimmy Wilson and Layne Davison
> 12/04/2006 RTS to Layne Davison
> 12/24/2006 Grievance to Warden Marty Sirmons
> 01/25/2007 Grievance to DOC Director Justin Jones
> 02/27/2007 RTS to Mike Pruitt

In response to an order by the court, the defendants have replied to plaintiff's allegations that prison officials failed to respond to his submitted Requests to Staff and Grievances. The defendants maintain plaintiff never submitted any Requests to Staff or Grievances concerning the incident set forth in the complaint. The defendants also question the legitimacy of the copies of the documents filed in the case and suggest the dates on plaintiff's documents may have been altered. They further assert plaintiff has provided no evidence that he actually submitted the documents to the proper officials, and they point to plaintiff's affidavit in his response to the defendants' motion, which makes no mention of the

defendants' defense of failure to exhaust administrative remedies.

The defendants have submitted additional affidavits from Crysta Robbins, OSP Unit Manager, and Kerry Minyard, DOC Administrative Programs Officer of the Administrative Review Unit, stating that a complete search of all facility documentation indicated there is no evidence of plaintiff's submitting any Requests to Staff or Grievances. Furthermore, the three persons to whom plaintiff claims to have submitted his Requests to Staff no longer are employed with the DOC.

After careful review of the record, the court concludes that there remains a genuine issue of material fact with respect to the exhaustion of plaintiff's administrative remedies. The court agrees that the dates on the copies of the Requests to Staff and Grievances stand out on the documents and may have been highlighted, but this is not proof of altered documents. Deeming plaintiff's evidence as true, summary judgment on the issue of exhaustion of administrative remedies cannot be granted. Fed. R. Civ. P. 56.

**ACCORDINGLY,** the defendants' motion for summary judgment [Docket #25] is GRANTED with respect to the State of Oklahoma and Defendant Sirmons, and these two defendants are DISMISSED from this action. Defendants Billy and Wilson are DISMISSED in their official capacities. The defendants' motion for summary judgment based on exhaustion of administrative remedies is DENIED with respect to the remaining defendants.

IT IS SO ORDERED this 28th day of March, 2011.

Frank H. Seay
United States District Judge